**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUNSHAN ZHAO, | No. 12-72053 |
| Petitioner, | Agency No. A089-883-354 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014**

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Chunshan Zhao, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination, including repeated inconsistencies about where Zhao was working when he learned of his sister's illness, the inconsistency between his testimony and his household registration regarding his occupation, and a finding that Zhao's demeanor undermined his credibility. *See id.* at 1048 (agency's adverse credibility finding reasonable under the totality of circumstances); *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (noting special deference to demeanor-based credibility findings); *see also Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (BIA not compelled to accept petitioner's explanations for inconsistencies). In the absence of credible testimony, Zhao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Zhao's CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that he will be tortured if returned to China, his CAT claim

also fails.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**